**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0719n.06
Filed: October 4, 2006

**No. 05-1823**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| MICHAEL BARTEE and DIXIE BARTEE, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| S K A N S K A   U S A   B U I L D I N G, | ) | EASTERN DISTRICT OF MICHIGAN |
| INCORPORATED, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Before: DAUGHTREY and COOK, Circuit Judges, and COLLIER,[*] District Judge.

**PER CURIAM.** The plaintiffs, Michael and Dixie Bartee, appeal from the district court's order granting summary judgment to the defendant, Skanska USA Building, Inc., in this personal injury action arising from burns suffered by Michael Bartee while working with a defective acetylene torch on a school building expansion project for which Skanska was construction manager. Michael Bartee was not employed by Skanska, however, but by Cadillac Iron, Inc., which had a separate and independent contract with the school district. The plaintiffs nevertheless sued Skanska, setting out a number of theories of liability, including active or direct negligence, nuisance *per accidens*, and agency. The district court granted summary judgment in favor of the defendant, finding either that the

---

[*]The Hon. Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

legal theory advanced by the plaintiffs was not recognized under state law or that the facts did not support the allegations in the complaint. We find no error and affirm.

We gather from our reading of the plaintiffs' brief and counsel's oral argument that the main complaint on appeal is the district court's failure to send the case to the jury, thereby "depriv[ing] the plaintiffs of their day in Court." Try as they might, however, the plaintiffs were not able to raise a *material* issue of disputed fact that would have supported a basis recognized by state law on which to send the case to trial. The district court found, for instance, that the defendant could not be considered liable for the negligent employment of Cadillac Iron because "Michigan has not recognized a duty requiring an employer to exercise care in the selection and retention of an independent contractor." *Reeves v. K-Mart Corp.*, 582 N.W.2d 841, 846 (Mich. App. 1998). The district court further found that the defendant was not liable for failure to warn the plaintiff of hazardous equipment of which it was aware, because the undisputed proof was that Skanska was not aware of the hole in the acetylene torch that caused the fire and resulted in Michael Bartee's injury, and there was no evidence that any Skanska employee should have been aware of a defect in equipment that, under the contract, was owned and maintained by Cadillac Iron. The district court also discounted the plaintiffs' nuisance theory, because there was no proof that Skanska owned or controlled the acetylene torch or created the hole in the torch that caused the fire. Indeed, it was a Cadillac Iron supervisor who, when informed of the hole, instructed Bartee to use the torch anyway, covering the hole tightly with his gloved hand as he did so. Likewise, the plaintiffs' negligent work supervision

claim against Skanska was held to fail because the evidence did not show that the injury was the result of "readily observable and avoidable danger . . . that created a high degree of risk to a significant number of workmen . . . in a common work area," a recognized exception to the general Michigan rule that a contractor cannot be held liable for the negligence of independent contractors and their employees. *Ormsby v. Capital Welding*, 684 N.W.2d 320, 326 (Mich. 2004). Finally, the plaintiffs' agency theory, based on *respondent superior*, was found to be untenable because the two companies, Skanska and Cadillac Iron, had individual contracts with the premises owner and there was no proof that either one was the agent of the other.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the complaint. Because the reasons why judgment should be entered for the defendant have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its order and opinion dated May 11, 2005.